# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DOUGLAS HAVER,

        Plaintiff,                          Case Number: 2:19-cv-11811
                                                   HON. VICTORIA A. ROBERTS

v.

MICHAEL EAGAN,

        Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

**I.  Introduction**

Michigan state prisoner Douglas Haver filed a *pro se* complaint under 42 U.S.C. § 1983.  Haver is serving a term of parolable life imprisonment for second-degree murder, and terms of 5 to 22 years imprisonment and 5 to 15 years imprisonment for two second-degree criminal sexual conduct convictions.  He names a single defendant, Michael Eagan, chairman of the Michigan Parole Board and claims that Eagan improperly failed to provide him a parole interview since 1990.

Since Haver does not have a liberty interest in parole or in a parole interview, the Court dismisses the complaint for failure to state a claim upon which relief may be granted.

**I.  Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short

and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557).

Because Haver paid the full filing fee, the Court screens this complaint under 28 U.S.C. § 1915A. This statute directs the Court to review a civil complaint in which a prisoner seeks redress from a governmental entity or an employee of a governmental entity. 28 U.S.C. § 1915A(a). On this review, the Court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint

2

is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  Discussion

Haver challenges the Michigan Parole Board's failure to grant him a parole interview. He alleges a violation of his right to due process under the Fourteenth Amendment.

The Fourteenth Amendment provides, in part: "nor shall any State deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. The Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

There is no federal constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979); *see also Michael v. Ghee*, 498 F.3d 372, 377-78 (6th Cir. 2007) (quoting *Swihart v. Wilkinson*, 209 Fed. App'x 456, 458-59 (6th Cir. 2006)). While there is no federal constitutional right to parole, a State's laws may create a liberty interest in parole subject to constitutional protection if state law entitles a prisoner to release on parole. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). Michigan law does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc); *see also Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). Under Sixth Circuit precedent, the failure to grant a Michigan prisoner a parole interview does not implicate federal due process. *See Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014) (affirming district court's dismissal of due

process claim arising from Michigan Parole Board's actions in sending the prisoner an interview notice, but not conducting the interview nor explaining why it was not held, because the prisoner had no liberty interest in parole); *Irvin v. Michigan Parole Bd.*, 221 F.3d 1334 (table), 2000 WL 800029, *2 (6th Cir. 2000) (prisoner failed to state a due process claim because he had no liberty interest in parole or parole interview); *Neff v. Johnson*, 983 F.2d 1068 (table), 1993 WL 11880, *1 (6th Cir. Jan. 21, 1993) (no protected liberty interest in parole interview under Michigan law).

Similarly, a state denial of parole, even if erroneous or based upon inaccurate information, implicates no federal right. *See Caldwell v. McNutt*, 158 Fed. App'x 739, 740-41 (6th Cir. 2006) (stating that "even if the Parole Board relied on inaccurate information to deny [the petitioner] parole, it did not violate any liberty interest protected by the United States Constitution"); *Echlin v. Boland*, 111 F. App'x 415, 417 (6th Cir. 2004) (ruling that Michigan prisoner could not bring a § 1983 action to challenge information provided to, or considered by, the Parole Board).

Haver fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### III. Conclusion

Because the complaint fails to state a claim upon which relief may be granted, Haver's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

If Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal; an appeal would be frivolous and could not be taken in

4

good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS ORDERED**.

s/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: 8/22/19